BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General, Civil Division
BURDEN H. WALKER
Deputy Assistant Attorney General, Civil Division
AMANDA N. LISKAMM
Director, Consumer Protection Branch
LISA K. HSIAO
Senior Deputy Director, Civil Litigation
ZACHARY A. DIETERT
Assistant Director
MARCUS P. SMITH
WESLINE N. MANUELPILLAI
Trial Attorneys
Consumer Protection Branch
Civil Division, U.S. Department of Justice
450 5th Street, NW, Suite 6400-South
Washington, DC 20001
Telephone: (202) 353-9712 (Smith)
             (202) 305-2809 (Manuelpillai)
*Attorneys for Plaintiff United States of America*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>COGNOSPHERE, LLC, et al.,<br><br>Defendants. | Case No. 2:25-cv-447<br><br>STIPULATION FOR ENTRY OF ORDER FOR PERMANENT INJUNCTION, CIVIL PENALTY JUDGMENT, AND OTHER RELIEF |

-1-

Plaintiff, the United States of America, acting upon notification and referral to the Attorney General by the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction, Civil Penalty Judgment, and Other Relief ("Complaint"), for a permanent injunction, civil penalties, and other relief in this matter pursuant to Sections 5(a), 5(m)(1)(A), and 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b),  the Children's Online Privacy Protection Act, 15 U.S.C. §§ 6502(c) and 6505(d), and the Children's Online Privacy Protection Rule ("COPPA Rule"), 16 C.F.R. Part 312.  Plaintiff and Defendants have agreed to entry of a Stipulated Order for Permanent Injunction, Civil Penalty Judgment, and Other Relief (the "Stipulated Order") (lodged concurrently with this Stipulation) to resolve all claims against Defendants in this action.  Plaintiff and Defendants have consented to entry of the Stipulated Order without trial or adjudication of any issue of law or fact herein.

Plaintiff and Defendants hereby stipulate to entry of the Stipulated Order with the following terms:

### FINDINGS

1.    This Court has jurisdiction over this matter.

2.    The Complaint charges that Defendants participated in deceptive and unfair acts or practices related to the sale of certain digital content and virtual currency in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and violations of the Children's Online Privacy Protection Act of 1998 ("COPPA").

3.    Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction over Defendants.

4.      Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5.      Defendants and Plaintiff waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.      **"Child"** or **"Children"** means an individual or individuals under the age of 13 residing in the United States.

B.      **"Clear(ly) and Conspicuous(ly)"** means that a required disclosure is easily noticeable (i.e., difficult to miss) and easily understandable by ordinary consumers, including in all of the following ways:

1.      In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented.  In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2.      A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3.      An audible disclosure, including streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

-3-

4.    In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5.    The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

6.    The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7.    The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

8.    When the representation or sales practice targets a specific audience, such as Children, Early Teens, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

C.    **"Close Proximity"** means that the disclosure is near the triggering representation.  For example, a disclosure made through a hyperlink, pop-up, interstitial, or other similar technique is not in close proximity to the triggering representation.

D.    **"Collect," "Collected," "Collecting,"** or **"Collection"** means, for the purposes of Definitions I, M, O, S, U, V, W, and Provision V of this Order only, the gathering of any Personal Information from a Child by any means, including but not limited to:

1.    Requesting, prompting, or encouraging a Child to submit Personal Information online;

2.    Enabling a Child to make Personal Information publicly available in identifiable form; or

3.    Passive tracking of a Child online.

-4-

E.    **"Covered Mechanism"** means any gameplay mechanic or element in a Covered Product or Service, such as the Genshin Impact "Wish" system,  loot boxes, or other systems, by which a player of a game may use U.S. dollars, other fiat currency, or cryptocurrency to purchase or attempt to purchase digital content or merchandise, or virtual currency necessary to purchase digital content or merchandise, where the item(s) of digital content or merchandise that will be provided are determined by chance; require numerous purchases or attempts to purchase to guarantee receipt of a specified item; or both.

F.    **"Covered Product or Service"** means Genshin Impact or any video game or video game service, such as HoYoLAB, controlled, distributed, or operated, directly or indirectly, by Defendants, marketed, promoted, sold, or otherwise distributed or made available in the United States.  For purposes of this Order, to the extent that, after entry of this Order, Defendants obtains direct or indirect control over a video game or video game service, such video game or video game service becomes a Covered Product or Service ninety (90) days after the date on which Defendants obtained such control.

G.    **"Defendants"** means Cognosphere, LLC and Cognosphere Pte. Ltd., and their successors and assigns.

H.    **"Delete"** means to remove Personal Information such that it is not maintained in retrievable form and cannot be retrieved in the normal course of business.

I.    **"Disclose," "Disclosed," "Disclosing,"** or **"Disclosure"** means, with Respect to Personal Information, for the purposes of Definitions M, U, V, W, and Provision V of this Order only:

1.    The Release of Personal Information Collected by an Operator from a Child in identifiable form for any purpose, except where an

Operator provides such information to a Person who provides Support for the Internal Operations of the Website or Online Service; and

2.      Making Personal Information Collected by an Operator from a Child publicly available in identifiable form by any means, including but not limited to a public posting through the Internet, or through a personal home page or screen posted on a website or online service; a pen pal service; an electronic mail service; a message board; or a chat room.

J.      **"Early Teen"** means an individual aged 13, 14, or 15 residing in the United States.

K.      **"Effective Date"** means the date on which this Order is entered.

L.      **"Internet"** means collectively the myriad of computer and telecommunication facilities, including equipment and operating software, which comprises the interconnected world-wide network of networks that employ the Transmission Control Protocol/Internet Protocol, or any predecessor or successor protocols to such protocol, to communicate information of all kinds by wire, radio, or other methods of transmission.

M.      **"Obtain, Obtained, or Obtaining Verifiable Parental Consent"** means making any reasonable effort (taking into consideration available technology) to ensure that before Personal Information is Collected from a Child, a Parent of the Child:

1.      Receives notice of the Operator's Personal Information Collection, use, and Disclosure practices; and

2.      Authorizes any Collection, use, or Disclosure of the Personal Information.

N.      **"Online Contact Information"** means an email address or any other substantially similar identifier that permits direct contact with a Person online,

-6-

including but not limited to, an instant messaging user identifier, a voice over internet protocol (VOIP) identifier, or a video chat identifier.

O.     **"Operator"** means any Person who operates a website located on the Internet or an online service and who Collects or maintains Personal Information from or about the users of or visitors to such website or online service, or on whose behalf such information is Collected and maintained, or offers products or services for sale through the website or online service, where such website or online service is operated for commercial purposes involving commerce among the several States, or with one or more foreign nations; in any territory of the United States or in the District of Columbia, or between any such territory and another such territory or any State or nation; or between the District of Columbia and any State, territory, or foreign nation.

P.     **"Parent"** includes a legal guardian.

Q.     **"Persistent Identifier"** means an identifier that can be used to recognize a user over time and across different websites or online services.  Such Persistent Identifier includes, but is not limited to, a customer number held in a cookie, an Internet Protocol (IP) address, a processor or device serial number, a mobile advertising identifier, or unique device identifier.

R.     **"Person"** means any individual, partnership, corporation, trust, estate, cooperative, association, or other entity.

S.     **"Personal Information"** means individually identifiable information about an individual Collected online, including:

1.     A first and last name;

2.     A home or other physical address including street name and name of a city or town;

3.     Online Contact Information;

-7-

4.     A screen or user name where it functions in the same manner as Online Contact Information;

5.     A telephone number;

6.     A Social Security number;

7.     A Persistent Identifier;

8.     A photograph, video, or audio file where such file contains a Child's image or voice;

9.     Geolocation information sufficient to identify street name and name of a city or town; or

10.    Information concerning the Child or the Parents of that Child that the Operator Collects online from the Child and combines with a Persistent Identifier.

T.     **"Release of Personal Information"** means the sharing, selling, renting, or transfer of Personal Information to any Third Party.

U.     **"Support for the Internal Operations of the Website or Online Service"** means:

1.     Those activities necessary to:

a.     Maintain or analyze the functioning of the website or online service;

b.     Perform network communications;

c.     Authenticate users of, or personalize the content on, the website or online service;

d.     Serve contextual advertising on the website or online service or cap the frequency of advertising;

e.     Protect the security or integrity of the user, website, or online service;

f.     Ensure legal or regulatory compliance; and

-8-

g. Fulfill a request of a Child as permitted by 16 C.F.R. §§ 312.5(c)(3) and (4);

2. So long as the information Collected for the activities listed in paragraphs (1)(a)-(g) of this definition is not used or Disclosed to contact a specific individual, including through behavioral advertising, to amass a profile on a specific individual, or for any other purpose.

V. **"Third Party"** means, for the purpose of Definition T only, any Person who is not:

1. An Operator with respect to the Collection or maintenance of Personal Information on the Website or online service; or

2. A Person who provides Support for the Internal Operations of the Website or Online Service and who does not use or Disclose information protected under the COPPA Rule (attached as Appendix A) for any other purpose.

W. **"Website or Online Service Directed to Children"** means a commercial website or online service, or portion thereof, that is targeted to Children.

1. In determining whether a website or online service, or a portion thereof, is directed to Children, the Commission will consider its subject matter, visual content, use of animated characters or Child-oriented activities and incentives, music or other audio content, age of models, presence of Child celebrities who appeal to Children, language or other characteristics of the website or online service, as well as whether advertising promoting or appearing on the website or online service is directed to Children. The Commission will also

consider competent and reliable empirical evidence regarding audience composition, and evidence regarding the intended audience.

2.    A website or online service shall be deemed directed to Children when it has actual knowledge that it is Collecting Personal Information directly from users of another website or online service directed to Children.

3.    A website or online service that is directed to Children under the criteria set forth in paragraph (1) of this definition, but that does not target Children as its primary audience, shall not be deemed directed to Children if it:

a.    Does not Collect Personal Information from any visitor prior to Collecting age information; and

b.    Prevents the Collection, use, or Disclosure of Personal Information from visitors who identify themselves as under age 13 without first complying with the notice and parental consent provisions of the COPPA Rule (attached as Appendix A).

4.    A website or online service shall not be deemed directly to Children solely because it refers or links to a commercial website or online service directed to Children by using information location tools, including a directory, index, reference, pointer, or hypertext link.

## **<u>ORDER</u>**

## I.    **BAN ON SALES TO CHILDREN AND EARLY TEENS WITHOUT A PARENT'S AFFIRMATIVE EXPRESS CONSENT**

IT IS ORDERED that no later than six (6) months after the Effective Date, Defendants, Defendants' officers, agents, employees, and all other Persons in active concert or participation with any of them, who receive actual notice of this

-10-

Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or selling of any virtual currency or digital content or merchandise are permanently restrained and enjoined from allowing accounts associated with a Child or Early Teen user to spend fiat currency or cryptocurrency in game without first obtaining the Affirmative Express Consent from a Parent of that Child or Early Teen authorizing the Child or Early Teen's account to engage in fiat currency or cryptocurrency transactions.  Prior to obtaining the Affirmative Express Consent from a Parent of that Child or Early Teen, Defendants must Clearly and Conspicuously disclose to the Parent:

      A.    The material aspects of the nature and terms of the video game;

      B.    The presence and use of paid virtual currency in order to purchase digital content or merchandise, including via a Covered Mechanism; and

      C.    The material aspects of the nature and terms of any Covered Mechanism including:

            1.    That obtaining items of digital content or merchandise are determined by chance, require multiple purchases or attempts to purchase to guarantee receipt of a specified item, or both;

            2.    The likelihood that a consumer will obtain particular digital content or merchandise; and

            3.    The range of potential total costs in U.S. dollars, or applicable fiat currency, if a user used only fiat currency to acquire featured content.

For the purpose of this Section, **"Affirmative Express Consent"** means any freely given, specific, informed, and unambiguous indication of an individual's wishes demonstrating agreement by the individual, such as by a clear affirmative

action, following a Clear and Conspicuous disclosure of items A to C listed above under this Section.  The following do not constitute Affirmative Express Consent:

      1.    Inferring consent from a consumer hovering over, muting, pausing, closing, or otherwise failing to act on a given piece of content; or

      2.    Obtaining consent through a user interface that has the effect of subverting or impairing user autonomy, decision-making, or choice.

## II.   BAN AGAINST SALES OF CHANCES TO OBTAIN DIGITAL CONTENT OR MERCHANDISE VIA A COVERED MECHANISM WITHOUT AN OPTION TO PURCHASE USING FIAT CURRENCY DIRECTLY

IT IS FURTHER ORDERED that no later than six (6) months after the Effective Date, Defendants, Defendants' officers, agents, employees, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or selling of any digital content or merchandise via a Covered Mechanism, are permanently restrained and enjoined from failing to provide consumers a means to directly purchase with fiat currency a chance to obtain digital content or merchandise via a Covered Mechanism, without requiring consumers to purchase or exchange virtual currency.  The means to purchase directly must be provided at the same time a Covered Mechanism is offered and must clearly indicate the cost to purchase using fiat currency.

## III.   PROHIBITION AGAINST MISREPRESENTATIONS

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly,

in connection with the advertising, marketing, promoting, offering for sale, or selling of any Covered Product or Service, are permanently restrained and enjoined from misrepresenting, expressly or by implication:

      A.    The in-game content offered via a Covered Mechanism;

      B.    The likelihood that a consumer will obtain any particular digital content, such as a playable character or digital item, by purchasing a chance to obtain the content via a Covered Mechanism;

      C.    The likelihood that a consumer will win a reward or advantage by participating in any promotional offering or sale of any in-game content, such as a weapon or character;

      D.    The range of potential total cost in U.S. dollars, or applicable fiat currency, if a user used only fiat currency to acquire featured content via a Covered Mechanism;

      E.    The material aspects of the nature or terms of any Covered Mechanism; or

      F.    Any other fact material to consumers concerning any Covered Product or Service.

## IV.   REQUIRED DISCLOSURES FOR COVERED MECHANISMS AND MULTI-TIERED VIRTUAL CURRENCY

IT IS FURTHER ORDERED that no later than six (6) months after the Effective Date, Defendants, Defendants' officers, agents, employees, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether directly or indirectly, in connection with offering or making available any digital content or merchandise via a Covered Mechanism or selling multi-tiered virtual currency, are permanently restrained and enjoined from failing to present consumers with certain required information, as follows:

A.    Within Defendants' video games wherever Defendants offer or make available digital content or merchandise via a Covered Mechanism, Defendants must Clearly and Conspicuously disclose, without requiring any additional input from the consumer:

1.    The likelihood a consumer will obtain any digital content or merchandise prominently featured or depicted at the point of sale via a Covered Mechanism, or in the promotion of digital content or merchandise accessible by a Covered Mechanism, placed in Close Proximity to the digital content or merchandise featured or depicted; and

2.    The range of potential total costs in U.S. dollars, or applicable fiat currency, if the user used only fiat currency to acquire featured digital content or merchandise via a Covered Mechanism.

B.    At any point of sale at which Defendants make any bundle or package of virtual currency available for purchase within Defendants' video games, Defendants must Clearly and Conspicuously disclose, without requiring any additional input from the consumer:

1.    The number of transactions that the bundle or package of virtual currency provides the consumer to obtain digital content or merchandise via a Covered Mechanism (such as a "Fate" in Genshin Impact's Wish System); and

2.    The rate of exchange in U.S. dollars or appliable fiat currency of that virtual currency for one transaction with a Covered Mechanism.

C.    Defendants shall make easily accessible on their website and at the game login screen, an online notice containing the following information concerning the Covered Mechanisms made available within Defendants' video games or online services:

-14-

1.    Each possible featured in-game item that a consumer may obtain via a Covered Mechanism, and for each featured in-game item so identified, the likelihood that, the consumer will obtain that featured item; and

2.    The range of potential total costs in U.S. dollars, or applicable fiat currency, if the user used only fiat currency to acquire featured in-game items via a Covered Mechanism.

## V.    INJUNCTION CONCERNING THE COLLECTION OF PERSONAL INFORMATION FROM CHILDREN

IT IS FURTHER ORDERED that Defendants and Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with being an Operator of any Website or Online Service Directed to Children or of any website or online service with actual knowledge that it is Collecting or maintaining Personal Information from a Child, are hereby permanently restrained and enjoined from, with respect to such service:

A.    Failing to post a prominent and clearly labeled link to an online notice of the Operator's information practices with regard to Children, if any, on the home or landing page or screen of its website or online service, and at each area of the website or online service where Personal Information is Collected from Children, unless the COPPA Rule (attached as Appendix A or as subsequently amended), provides an exception to providing such notice;

B.    Failing to make reasonable efforts, taking into account available technology, to ensure that a Parent of a Child receives direct notice of the Operator's practices with regard to the Collection, use, or Disclosure of Personal Information from Children, including notice of any material change in the Collection, use, or Disclosure practices to which the Parent has previously

-15-

consented, unless the COPPA Rule (attached as Appendix A or as subsequently amended), provides an exception to providing such notice;

C.  Failing to Obtain Verifiable Parental Consent before any Collection, use, or Disclosure of Personal Information from Children, including consent to any material change in the Collection, use, or Disclosure practices to which the Parent has previously consented, unless the COPPA Rule (attached as Appendix A or as subsequently amended), provides an exception to Obtaining Verifiable Parental Consent; and

D.  Violating the COPPA Rule (attached as Appendix A or as subsequently amended).

## VI.  INJUNCTION CONCERNING CHILDREN'S PERSONAL INFORMATION PREVIOUSLY COLLECTED

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, in connection with being an Operator of the video game Genshin Impact and HoYoLAB website shall:

A.  No later than one hundred and twenty (120) days after the Effective Date, implement a neutral age gate to request the user to provide age information and identify the user's age.  Defendants shall Delete all Personal Information that is associated with any user of Genshin Impact or HoYoLAB in the United States, unless:

1.  The user has provided age information through a neutral age gate identifying the user as age 13 or older; or

2.  Defendants have provided direct notice and Obtained Verifiable Parental Consent;

B.  If the age of a particular user of an existing account is not identified

-16-

within one hundred and eighty (180) days after the Effective Date (the "Account Suspension Date"), Defendants shall (1) notify such user, if email address is available, that their Personal Information will be deleted if they do not provide age information, (2) refrain from Collecting Personal Information from that account, and (3) refrain from Disclosing or using Personal Information Collected from that account, except for the use of persistent identifiers to Support the Internal Operations, until and unless the age of user is identified, at which point Defendants shall comply with sub-Provision VI.A.  If the age of a particular user of an existing account is still not identified within one (1) year of the Account Suspension Date, Defendants shall Delete all Personal Information Collected from that account.

 C. Within one (1) year and one (1) month of the Account Suspension Date, provide a written statement to the Commission, sworn under penalty of perjury, that:

  1. Describes all processes through which Defendants provided direct notice and sought to Obtain Verifiable Parent Consent for any accounts covered by this Provision VI;

  2. Identifies the total number of accounts for which (i) direct notice was provided; (ii) Defendants Obtained Verifiable Parental Consent; (iii) verifiable parental consent was affirmatively declined; and (iv) no response was provided;

  3. Identifies the total number of accounts for which (i) the age of the user is not identified as covered by sub-Provision VI.B; and (ii) for which the Personal Information Collected from the user was deleted when the age of the user was not identified within one (1) year of the Account Suspension Date, as covered by sub-Provision VI.B.

  4. Describes in detail any Personal Information Defendants retain in accordance with sub-Provisions VI.D or VI.E, the basis for such

retention, and, as applicable, the specific government agency, law, regulation, or court order that requires such retention; and

5.    Confirms that all Personal Information required to be Deleted by this Provision VI has been Deleted.

*Provided, however*, that:

D.    Persistent Identifiers that Defendants are otherwise required to Delete by this Provision VI need not be Deleted to the extent they are used solely for Support for the Internal Operations of Genshin Impact and/or HoYoLAB; and

E.    Personal Information that Defendants are otherwise required to Delete by this Provision VI may be retained, and may be disclosed, as requested by a government agency or required by law, regulation, or court order. Within thirty (30) days after the obligation to retain any such Personal Information has ended, Defendants shall Delete such Personal Information and provide an additional written statement to the Commission, sworn under penalty of perjury, confirming that Defendants have deleted such Personal Information.

## VII.   MONETARY JUDGMENTS

IT IS FURTHER ORDERED that:

A.    Judgment in the amount of Twenty Million Dollars ($20,000,000) is entered in favor of Plaintiff against Defendants, jointly and severally, as a civil penalty.

B.    Defendants are ordered to pay to Plaintiff, by making payment to the Treasurer of the United States, Twenty Million Dollars ($20,000,000) which, as Defendants stipulate, their undersigned counsel holds in escrow for no purpose other than payment to Plaintiff. Such payment must be made within fourteen (14) days of entry of this Order by electronic fund transfer in accordance with instructions provided by a representative of Plaintiff.

## VIII.  ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A.      Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.      The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.      Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendants must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

## IX.    ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that each Defendant obtain acknowledgments of receipt of this Order, as follows:

A.      Each Defendant, within ten (10) days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order, sworn under penalty of perjury.

B.      For five (5) years after entry of this Order, each Defendant must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives having managerial responsibilities for conduct related to the subject matter of the Order; (3) all Persons who are paid or otherwise compensated to promote any product or service offered by Defendants; and (4) any business entity resulting from any change in structure as set forth in the Provision titled Compliance Reporting.

-19-

Delivery must occur within ten (10) days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C.     From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within thirty (30) days, a signed and dated acknowledgment of receipt of this Order.

## X.     COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission:

A.     One (1) year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

1.     Each Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission and Plaintiff may use to communicate with that Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe each Covered Product or Service, including the means of advertising, marketing, and sales and the nature, terms, and use of any Covered Mechanisms; (d) describe in detail whether and how that Defendant is in compliance with each provision of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B.     For ten (10) years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

-20-

1.      Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.      Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within fourteen (14) days of its filing.

D.      Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.      Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580.  The subject line must begin:  "United States v. Cognosphere, LLC et al., FTC File No. 2223152."

## XI.    RECORDKEEPING

IT IS FURTHER ORDERED that each Defendant must create certain records for ten (10) years after entry of the Order, and retain each such record for five (5) years.  Specifically, each Defendant must create and retain the following records:

A.      Accounting records showing the revenues from each Covered Product or Service;

B.      Personnel records showing, for each Person providing services in connection with any Covered Product or Service, whether as an employee or otherwise, that Person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination.

C.      Copies or records of all consumer complaints and refund requests concerning the subject matter of the Order, whether received directly or through any U.S. federal or state government regulatory authority; and

D.      All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission.

## XII.   COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purposes of monitoring Defendants' compliance with this Order:

A.      Within fourteen (14) days of receipt of a written request from a representative of the Commission or Plaintiff, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions, and produce documents for inspection and copying.  The Commission and Plaintiff are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69, provided that Defendants, after attempting to resolve a dispute without court action and for good cause shown, may file a motion with this Court seeking an order for one or more of the protections set forth in Rule 26(c).

B.      For matters concerning this Order, the Commission and Plaintiff are authorized to communicate directly with each Defendant. Defendants must permit

representatives of the Commission and Plaintiff to interview any employee or other Person affiliated with any Defendant who has agreed to such an interview.  The Person may have counsel present.

C.    The Commission and Plaintiff may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XIII.  RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\

-23-

SO STIPULATED:

**FOR PLAINTIFF UNITED STATES OF AMERICA:**

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General, Civil Division

BURDEN H. WALKER
Deputy Assistant Attorney General, Civil Division

AMANDA N. LISKAMM
Director, Consumer Protection Branch

LISA K. HSIAO
Senior Deputy Director, Civil Litigation

ZACHARY A. DIETERT
Assistant Director

*/s/ Marcus P. Smith*                              Date:  January 17, 2025
MARCUS P. SMITH
WESLINE N. MANUELPILLAI
Trial Attorneys
Consumer Protection Branch
Civil Division, U.S. Department of Justice
450 5th Street, NW, Suite 6400-South
Washington, DC 20001
Tel: (202) 353-9712 (Smith)
      (202) 305-2809 (Manuelpillai)
Fax: (202) 514-8742
Email:  Marcus.P.Smith@usdoj.gov
Wesline.N.Manuelpillai@usdoj.gov

*Attorneys for Plaintiff United States of America*

**OF COUNSEL, FOR THE FEDERAL TRADE COMMISSION:**

JEFFREY TANG, Cal. Bar No. 308007
   jtang@ftc.gov
MILES D. FREEMAN, Cal. Bar No. 299302
   mfreeman@ftc.gov
DELILAH VINZON, Cal. Bar No. 222681
   dvinzon@ftc.gov
AARON M. SCHUE, Cal. Bar No. 338760
   aschue@ftc.gov
Federal Trade Commission
10990 Wilshire Blvd., Suite 400
Los Angeles, CA 90024
Tel: (310) 824-4300; Fax: (310) 824-4380

*Attorneys for the Federal Trade Commission*

1 **FOR DEFENDANTS COGNOSPHERE, LLC AND COGNOSPHERE PTE.**
2 **LTD.:**

3

4 _____    Date: 12/10/2024
5 On behalf of Cognosphere, LLC

6
7 _____    Date: 10/12/2024
8 On behalf of Cognosphere Pte. Ltd.

9
10 _____    Date: 12/10/2024
   JENNIFER ARCHIE, ESQ.
11 Latham & Watkins LLP
12 555 Eleventh Street, NW, Suite 1000
   Washington, D.C. 20004-1304
13 jennifer.archie@lw.com

14
15 ALEX WYMAN, ESQ.
   Latham & Watkins LLP
16 355 South Grand Avenue, Suite 100
17 Los Angeles, CA 90071
   alex.wyman@lw.com
18
19 HADRIAN LUO, ESQ.
   Latham & Watkins LLP
20 1271 Avenue of the Americas
21 New York, NY 10020
   hadrian.luo@lw.com
22
23 WESLEY TIU, ESQ.
24 Latham & Watkins LLP
   505 Montgomery Street, Suite 2000
25 San Francisco, CA 94111
26 wesley.tiu@lw.com

27 _Attorneys for Defendants Cognosphere, LLC and Cognosphere Pte. Ltd._
28